UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RASHAWN WILLIAMS,           :

    Plaintiff           :   CIV. ACTION NO. 3:26-CV-186

v.                          :       (JUDGE MANNION)

BOBBI JO SOLOMON, *et al.*,     :

    Defendants          :

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint.

**I.   BACKGROUND**

Plaintiff, Rashawn Williams, brings the instant case pursuant to 42 U.S.C. §1983, alleging that defendants violated his rights by failing to protect him from the presence of birds in Rockview State Correctional Institution. (Doc. 1). The extent of Williams's factual allegations are as follows:

> Medical Dept and unit management refused to address the issue of several species of birds were flying around the block and defecating on the block[.] I and several hundred other inmates were living in these conditions[.] I wrote several requests and grievances to address these matters to no relief.

(*Id.* at 4). Williams asserts that the presence of the birds has caused him several illnesses and requests damages and injunctive relief requiring

"medical staff [to] be more attentive to inmates' needs." (*Id.* at 5). He names as defendants Bobbi Jo Solomon, the superintendent of SCI-Rockview, and SCI-Rockview's medical department. (*Id.* at 2-3).

## II. DISCUSSION

This court must review a complaint when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis*. *Id.* §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); *Smith v. Delaware*, 236 F. Supp.3d 882, 886 (D. Del. 2017).

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more

2

than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . .

3

> subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

In this case, Williams asserts unspecified civil rights claims against Solomon (the superintendent of SCI-Rockview) and SCI-Rockview's medical department. Both claims fail.

First, with respect to Solomon, a defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195,

1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. *Id.* Here, Williams does not allege any facts with respect to Solomon other than naming her as a defendant. (Doc. 1). Thus, he appears to name her as a defendant solely based on her supervisory role as the prison's superintendent, which is not a sufficient basis to allege personal involvement. *Rode*, 845 F.2d at 1207.

As for the claim against the medical department, Section 1983 allows claims only against a "person" who violates the plaintiff's constitutional rights while acting under color of state law. 42 U.S.C. §1983. A prison medical department is not a proper defendant to a §1983 claim. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). The court will accordingly dismiss Williams's claims against both defendants.

Before dismissing a civil rights claim for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). With the exception of the claim against the medical department,[1] the court will grant Williams leave to file an amended complaint because it

---

[1] As noted above, the medical department is not a proper defendant. The claims against the department will accordingly be dismissed with prejudice.

5

cannot say as a matter of law at this stage of litigation that amendment would be inequitable or futile.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss Williams's complaint without prejudice and grant him leave to file an amended complaint. An appropriate order shall issue.

_____
Malachy E. Mannion
United States District Judge

Dated: 2/4/26

25-186-01